# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## MISC. NO. 1:07MC33

| | |
|---|---|
| BRYN ASSELSTINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| BOYNE USA, INC., and JOHN DOES ) | |
| 1-5, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a motion filed October 4, 2007, by Richard Wiggins to quash a subpoena issued by this Court in reference to a case pending in United States District Court for the District of Montana, Butte Division. ***Asselstine v. Boyne USA, Inc., and John Does 1-5*, No. CV-04-96-BU-SEH,** The subpoena in question requested Mr. Wiggins to appear at 11:00 A.M. EDT, on October 4, 2007, at the U.S. Courthouse in Asheville, North Carolina, to testify via videoconference in the *Asselstine* action. **Exhibit A,** *attached to* **Motion to Quash Subpoena, filed October 4, 2007, at 1.**

According to the motion, Mr. Wiggins, who is not a party in the *Asselstine* action, resides principally in Florida and is employed there. **Motion,** *supra,* **¶ 3.** He also maintains a second home in Burnsville, North Carolina. *Id.* **¶ 1, 3.** Mr. Wiggins' wife was in residence at the Burnsville address on October 3, 2007, although Mr. Wiggins himself was not. *Id.* **¶ 3.** Mrs. Wiggins found the subpoena on the doorstep of the Burnsville residence at 7:00 P.M., on October 3, 2007, the evening before her husband was ordered to appear in this Court. *Id.* **¶ 1.**

Mr. Wiggins requests the Court to quash his subpoena based on Rule 45 of the Federal Rules of Civil Procedure, which provides that "the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from a place where that person resides, is employed or regularly transacts business in person . . . ." **Fed. R. Civ. P. 45(c)(3)(A).** Although this motion was served on counsel of record in Montana, no response has been filed, and the time for filing such a response has now expired under this Court's local rules. *See* **Motion,** *supra,* **at 4; LR 7.1(B)** (providing that "[r]esponses to motions, if any, shall be filed within fourteen (14) days of the date on which the

**motion is served . . . . When a motion is served by mail, the respondent shall have an additional three (3) days to file a response pursuant to Fed. R. Civ. P. 6(e).").**

In accordance with Rule 45, the motion is granted. In addition, the Court notes its reservations about the adequacy of service of the subpoena, since the proof of service notice attached to the subpoena is neither filled out nor signed. Finally, the undersigned notes the possibility that the motion to quash is moot, if indeed the October 4, 2007, hearing in Montana has already gone forward without Mr. Wiggins's involvement.

**IT IS, THEREFORE, ORDERED** that Mr. Wiggins's motion to quash the subpoena is **GRANTED**.

Signed: October 24, 2007

Lacy H. Thornburg
United States District Judge